11-4246-cv
NYKCool A.B. v. Pacific Fruit, Inc

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of January, two thousand thirteen.

Present:
    ROBERT A. KATZMANN,
    BARRINGTON D. PARKER,
    RICHARD C. WESLEY,
        *Circuit Judges*,

---

NYKCOOL A.B.,

    *Plaintiff-Appellee*

    v.                                          No. 11-4246-cv

PACIFIC FRUIT, INC.,

    *Defendant-Appellant*,

KELSO ENTERPRISES LTD.,

    *Defendant.*

---

For Plaintiff-Appellee:    GARTH S. WOLFSON (Edward A. Keane, *on the brief*),
        Mahoney & Keane, LLP, New York, N.Y.

MANDATE

MANDATE ISSUED ON 02/26/2013

For Defendant-Appellant:	JOSHUA R. WEISS, (Howard R. Hawkins, *on the brief*), Cadwalader, Wickersham & Taft LLP, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Kaplan, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the order of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Pacific Fruit, Inc. ("Pacific Fruit") appeals from a judgment entered on September 14, 2011 by the United States District Court for the Southern District of New York (Kaplan, *J.*) confirming an arbitration award issued by an arbitration panel of the Society of Maritime Arbitrators (the "arbitration panel" or "panel"). The arbitration panel held Pacific Fruit and its co-defendant in this action, Kelso Enterprises Ltd. ("Kelso")[1], jointly and severally liable to Plaintiff-Appellee NYKCool A.B. ("NYKCool") for $8,787,157 in damages for breach of contract. We presume the parties' familiarity with the underlying facts and procedural history of this case, as well as with the issues on appeal.

"In reviewing a district court's confirmation of an arbitral award, we review legal issues *de novo* and findings of fact for clear error." *Banco de Seguros del Estado v. Mutual Marine Office, Inc.*, 344 F.3d 255, 260 (2d Cir. 2003). To ensure that "the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation" are met, arbitration awards are subject to "very limited review." *Folkways Music Publishers, Inc. v. Weiss*, 989 F.2d 108, 111 (2d Cir. 1993); *see also Porzig v. Dresdner, Kleinwort, Benson, N. Am.*

---

[1] Pacific Fruit and Kelso, represented by the same counsel below, jointly filed a timely notice of appeal from the district court's judgment on October 12, 2011. Subsequently, by letter dated December 7, 2011, Kelso withdrew its appeal.

*LLC*, 497 F.3d 133, 138-39 (2d Cir. 2007) ("This Court has repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process."). "[A]n arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Employees Int'l Union,*, 954 F.2d 794, 797 (2d Cir. 1992) (internal quotation marks omitted).

"A party petitioning a federal court to vacate an arbitral award bears the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by" the Federal Arbitration Act ("FAA"). *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003). Courts may vacate an arbitration award under the FAA where, *inter alia*: (1) "the arbitrators were guilty of [any] misconduct . . . by which the rights of any party have been prejudiced," 9 U.S.C. § 10(a)(3), thereby "amount[ing] to a denial of [a party's right to] fundamental fairness of the arbitration proceeding," *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 19-20 (2d Cir. 1997) (internal quotation marks omitted); or (2) "the arbitrators exceeded their powers" as delineated by the parties' agreement to arbitrate, 9 U.S.C. § 10(a)(4). In addition, we continue to recognize "manifest disregard of the law" as a "valid ground" for vacatur as a "judicial gloss" on the grounds specified by Section 10 of the FAA. *See, e.g.*, *T.Co. Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339–40 (2d Cir. 2010) (internal quotation marks omitted). Whether manifest disregard exists as an independent ground for vacatur is uncertain. *See Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 130 S. Ct. 1758, 1768 n.3 (2010) ("We do not decide whether manifest disregard survives our decision in *Hall Street Associates, L.L.C. v. Mattel, Inc.* [], as an independent ground for review or as a judicial gloss on

3

the enumerated grounds for vacatur set forth at 9 U.S.C. § 10." (internal quotation marks omitted)). That said, whether invoked as an independent basis for vacatur or merely as a "judicial gloss" on the enumerated grounds for vacatur, Pacific Fruit cannot show that the panel here manifestly disregarded the law.

On appeal, Pacific Fruit first contends that the arbitration panel manifestly disregarded the New York contract law by concluding that Pacific Fruit and Kelso (collectively, "Charterers") entered into an oral contract with NYKCool, under which NYKCool agreed to transport weekly shipments of Charterers' bananas from Ecuador to California and Japan for the period between 2005 and 2008. In order to vacate an arbitration award for manifest disregard of the law, a court must conclude that "the arbitrator knew of the relevant [legal] principle, appreciated that this principle controlled the outcome of the disputed issue, and nonetheless willfully flouted the governing law by refusing to apply it." *Westerbeke Corp. v. Daihatsu Motor Co., Ltd.*, 304 F.3d 200, 217 (2d Cir. 2002); *see also Stolt-Nielson SA*, 130 S. Ct. at 1767 ("It is only when an arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice that his decision may be unenforceable." (internal quotation marks and alteration omitted)). This rigorous standard ensures that "awards are vacated on grounds of manifest disregard only in those exceedingly rare instances where some egregious impropriety on the part of the arbitrator is apparent." *T.Co Metals, LLC*, 592 F.3d at 339 (internal quotation marks and alteration omitted). As such, the "standard essentially bars review of whether an arbitrator misconstrued a contract." *Id.*

Here, we detect no manifest disregard of the law in the arbitration panel's conclusion that the parties had entered into a binding oral contract for the period between 2005 and 2008. In

4

particular, we agree with the panel's conclusion that the parties' substantial partial performance on the contract weighs strongly in favor of contract formation. *See R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 75-76 (2d Cir. 1984) ("[P]artial performance is an unmistakable signal that one party believes there is a contract; and the party who accepts performance signals, by that act, that it also understands a contract to be in effect."). It is undisputed that in 2005 and 2006 NYKCool transported 30 million boxes of cargo for Charterers on over 100 voyages, for which it received $70 million dollars in payments even though there was no written contract in place. Moreover, the parties' behavior during 2005 and 2006 strongly suggests that they believed themselves subject to a binding agreement. Notably, the parties engaged in extensive renegotiation of the terms of the contract when Kelso began facing difficulties meeting its cargo commitments. In these circumstances, the panel cannot be said to have engaged in "egregious impropriety" in concluding that the parties intended to enter a binding oral agreement. *T.Co Metals*, 592 F.3d at 339.

Pacific Fruit next contends that the panel manifestly disregarded the law in holding Charterers jointly and severally liable for all the damages arising out of their breach of contract. Under New York law, it is settled that separate legal entities may not generally be subject to liability for one another's contractual obligations merely because they are corporate affiliates. *See In re Seagroatt Floral Co., Inc.*, 583 N.E.2d 287, 293 (N.Y. 1991). However, under New York law and "[s]ettled rules governing the interpretation of contracts . . . when two or more entities take on a[] [contractual] obligation . . . they [generally] do so jointly." *Wujin Nanxiashu Secant Factory v. Ti-Well Int'l Corp.*, 22 A.D.3d 308, 310-11 (1st Dep't 2005); *see also* Restatement (Second) of Contracts § 289(1) ("Where two or more parties to a contract promise

5

the same performance to the same promisee, each is bound for the whole performance thereof, whether his duty is joint, several, or joint and several.").

Here, we conclude that there is at least a "barely colorable justification" for the panel's conclusion that Pacific Fruit and Kelso were co-promisors on a single contract, and that they therefore may be held jointly and severally liable for damages arising out of that contract. In particular, the entities negotiated with NYKCool as a single unit; the terms of the parties' initial discussions related to a single "integrated around-the world service," J. App'x 75; the parties' negotiation documents refer to the parties' unexecuted written contract as a single "agreement," *see, e.g.*, J. App'x 365, and the parties presented a joint, indivisible counterclaim in the arbitration proceeding, J. App'x 39. Further, it is well-established that:

> We will . . . not vacate an arbitral award for an erroneous application of the law if a proper application of law would have yielded the same result. In the same vein, where an arbitral award contains more than one plausible reading, manifest disregard cannot be found if at least one of the readings yields a legally correct justification for the outcome.

*Duferco*, 333 F.3d at 390; *see also Stolt-Nielson*, 548 F.3d at 93 ("Even where explanation for an award is deficient or non-existent, we will confirm it if a justifiable ground for the decision can be inferred from the facts of the case."). While the arbitration award offers differing indications as to the panel's reasons for its decision, we conclude that it is plausible to read the award as imposing joint and several liability on Charterers as the co-promisors of a single oral contract. This would be a "legally correct justification for the outcome," and therefore we will not vacate the award. *Duferco*, 333 F.3d at 390.

Next, Pacific Fruit argues that the arbitration panel exceeded its authority by holding Charterers jointly and severally liable because the two entities were originally party to separate

6

written arbitration agreements with NYKCool.  Arbitrators exceed their authority when they:  (1) "consider[] issues beyond those the parties have submitted for . . . consideration," or (2) "reach[] issues clearly prohibited by law or by the terms of the parties' agreement."  *Jock*, 646 F.3d at 122; *see Porzig*, 497 F.3d at 140 ("The authority of the arbitral panel is established only through the contract between the parties who have subjected themselves to arbitration, and a panel may not exceed the power granted to it by the parties in the contract.").  However, "[w]e have . . . consistently accorded the narrowest of readings" to our capacity to vacate an arbitration award on the ground that the arbitrators lacked the authority to address an issue.  *Jock*, 646 F.3d at 122 (internal quotations marks omitted).  In particular, we have held that an arbitrator does not exceed its authority so long as the "award draws its essence from the agreement to arbitrate" and "is even arguably construing or applying the contract."  *Id.*

Here, Pacific Fruit contends that the arbitration panel exceeded its authority in imposing joint and several liability because Pacific Fruit and Kelso initially agreed to arbitrate their claims in "two separate" written contracts with NYKCool, neither of which "authorize the Panel to impose liability upon Pacific Fruit for Kelso's contractual obligations, or vice versa." Appellant's Br. at 26.  This is unconvincing.  The arbitration panel concluded that the instant dispute arises out of the parties' "binding and enforceable *new contract*" for the years 2005 through 2008.  J. App'x 71.  Further, the panel concluded that the terms of this single contract "mirror[ those of the written agreements] that had been in force" prior to the inception of the new agreement.  *Id.*  The parties' prior written contracts contain arbitration clauses which provide for arbitration of "any dispute aris[ing] out of this Contract."  J. App'x 639.  As such, under the panel's interpretation of the parties' new agreement, the parties agreed to arbitrate "any dispute"

7

arising out of their single oral contract covering the period between 2005 and 2008. *See Hardy v. Walsh Manning Sec., LLC*, 341 F.3d 126, 131 (2d Cir. 2003) ("[A] reviewing court is bound to accept the facts considered by an arbitrator as those fact have been determined by the arbitrator." (internal quotation mark and emphasis omitted)); *cf. T.Co Metals*, 592 F.3d at 339 ("[The manifest disregard of the law] standard essentially bars review of whether an arbitrator misconstrued a contract."). Where, as here, "an arbitration clause is broad, . . . arbitrators have the discretion to order remedies they determine appropriate, so long as they do not exceed the power granted to them by the contract itself." *Banco de Seguros*, 344 F.3d at 262. Accordingly, we conclude that the parties' agreement to arbitrate granted the panel the authority to impose joint and several liability pursuant to the relevant oral contract covering the years between 2005 and 2008.

Finally, Pacific Fruit contends that the arbitration panel denied it a fundamentally fair hearing because it "had no opportunity to present evidence to the Panel that it should not be held jointly and severally liable with Kelso." Appellant's Br. at 21. Section 10(a)(3) of the FAA provides for vacatur of arbitration awards if "the arbitrators were guilty of misconduct" in engaging in "any . . . misbehavior" that "amount[s] to a denial of fundamental fairness." *Tempo Shain,* 120 F.3d at 19-20 (internal quotation marks omitted). Although "arbitrator[s] need not follow all the niceties observed by the federal courts," they "must give each of the parties to the dispute an adequate opportunity to present its evidence and argument." *Id.* at 20 (internal quotation marks omitted). However, where a party "has not identified in what way a[n] [evidentiary] hearing would have benefitted [it]," due process is satisfied by the tribunal giving the parties notice that it will be considering an issue and the "opportunity to respond in a written

presentation." *Karpova v. Snow*, 497 F.3d 262, 271 (2d Cir. 2007) (upholding an agency's hearing procedures against a due process challenge).

      Here, we see no fundamental unfairness in the panel's decision to impose joint and several liability without first holding a supplemental evidentiary hearing specifically devoted to the issue. While Pacific Fruit is correct that NYKCool never sought joint and several liability against Charterers during the evidentiary phase of the arbitration panel's proceedings, the arbitration panel had a more than ample evidentiary record from which it could conclude that Charterers were co-promisors on a single contract. Further, after the parties were given notice that the panel would be addressing the issue of joint and several liability, they had the opportunity to file written submissions with the panel setting forth their views on the issue. Finally, Pacific Fruit identifies no reason on appeal why an evidentiary hearing would have helped the arbitration panel resolve the issue of joint and several liability in Charterers' favor.

      For the foregoing reasons, the Order of the district court confirming the arbitration award is hereby **AFFIRMED**.

                               FOR THE COURT:
                               CATHERINE O'HAGAN WOLFE, CLERK



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit